LEVENSON v. BOLLOWA et al.

(Supreme Court, Appellate Term. December 17, 1903.)

1. CONTRACTS—EVIDENCE.
     In an action on a contract for work to be done and materials furnished, plaintiff testified that he presented a written estimate to one of the defendants, who said it was too high, but that they came to an agreement for a similar amount. It appeared that the written estimate was returned to plaintiff by defendant, who had written on it, "If written contract satisfactory, agree to take at $750." *Held*, that there was no contract.

2. SAME—BREACH—MEASURE OF DAMAGE.
     In an action on an executory contract for the furnishing of labor and material for the construction of a building, evidence that plaintiff had made a subcontract, whereby the subcontractor agreed to erect the structure for a smaller sum than it was alleged defendant had agreed to pay plaintiff, was inadmissible upon the measure of damage to show plaintiff's loss of profits.

Appeal from City Court of New York, General Term.

Action by Morris Levenson against Arthur Bollowa and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Ferdin & E. M. Bullowa, for appellants.
Moses Feltenstein, for respondent.

BISCHOFF, J. Asserting that the defendants had agreed to pay him $750 for work to be done and materials to be furnished in the erection of a certain extension, and that the agreement was repudiated before the time for performance had arrived, the plaintiff sued for the loss of his expected profits. To support his claim of an actual agreement, the plaintiff testified that he presented a written estimate to one of the defendants, placing the cost at $850, that the defendant said it was too high, but that he (plaintiff) "came to an agreement with him for $750." It appears, however, from the plaintiff's own testimony, that this estimate was at that time returned to him by the defendant, who had written upon it, in his presence, "If writ-

¶ 1. See Contracts, vol. 11, Cent. Dig. § 96.

ten contract satisfactory, agree to take at $750," and this very clearly supports the defendant's testimony that the whole matter was understood to be in abeyance until a definite contract in writing should be made.

No such contract was made, and a recovery upon a cause of action having its foundation in nothing except the plaintiff's base characterization of the negotiations as an "agreement," which they were not, is difficult to uphold. Moreover, the only proof of loss of profits was sought to be furnished by evidence that the plaintiff had made a subcontract with one Holst, whereby the latter undertook to erect this structure for $400, the evidence being admitted over objection. The difference between the price to be paid by the defendants to the plaintiff, and that to be paid by the latter to the subcontractor, upon a contract wholly executory, was not an available measure of damages, and the evidence was not admissible for the purpose of charging the defendants. Devlin v. Mayor, 63 N. Y. 25, 26.

The judgment must be reversed and a new trial ordered, with costs to appellants to abide the event. All concur.